```
COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000


MARK F. LAMBERT (197410)
(mlambert@cooley.com)
BRANDON V. STRACENER (314032)
(bstracener@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone:    (650) 843-5200
Facsimile:    (650) 849-7400

Attorneys for Plaintiff
MAGIC LEAP, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGIC LEAP, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>CHI XU, an individual; HANGZHOU TAIRUO TECHNOLOGY CO., LTD., d/b/a NREAL,<br><br>  Defendants. | Case No.  5:19-cv-03445-LHK<br><br>**SEPARATE CASE MANAGEMENT STATEMENT BY MAGIC LEAP, INC.**<br><br>Date:    September 25, 2019<br>Time:    09:00 a.m.<br>Place:   San Jose Courthouse,<br>         Courtroom 8 – 4th Floor<br>Judge:   Honorable Lucy H. Koh |

Magic Leap, Inc. ("Magic Leap" or "Plaintiff") files this Separate Case Management Statement ("CMS") under Civil Local Rule 16-9, the Standing Order for all Judges of the Northern District of California dated November 1, 2018, and the Clerk's Notice setting the case management conference in the above-captioned action (the "Action").  Despite reasonable efforts, Magic Leap has been unable to obtain the cooperation of Defendants Chi Xu or Hangzhou Tairuo Technology Co., Ltd., d/b/a Nreal ("Nreal") in time to file a joint statement.  *See* Civil L.R. 16-9(a); *see* Stracener Decl. in Supp. of Separate Case Management Statement ¶¶ 3-15.  Magic Leap sets forth its statement below.

**1.      Jurisdiction and Service**

The Court has federal subject matter jurisdiction in this Action under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

There are no issues regarding personal jurisdiction or venue. Venue is proper in this judicial district because Defendant Chi Xu's contractual obligations and legal duties, and breaches thereof, giving rise to the Action occurred within this judicial district. In addition, a substantial part of the events giving rise to the claims alleged in this Action occurred in this judicial district. And under the Proprietary Information and Inventions Agreement ("PIIA") Mr. Xu executed in connection with his employment at Magic Leap, he expressly consented to personal jurisdiction and venue in this Court for any lawsuit relating to that agreement. Venue thus lies in the U.S. District Court for the Northern District of California under 28 U.S.C. § 1391(b), (c).

Neither Defendant has been served yet. As explained in the declaration filed in support of this CMS ("Stracener Decl."), Magic Leap has actively pursued several means to initiate service and to establish communications with Defendants Chi Xu and Nreal. Nreal has rejected "for personal reasons" a letter addressed to Chi Xu at its office in China, enclosing the Summons and Complaint and asking for contact information of counsel. Stracener Decl. ¶ 3 & Ex. B. Private investigators have attempted to locate Xu at addresses of record in the United States. *Id.* ¶ 4. Magic Leap, through counsel, has attempted to obtain contact information for Defendants' counsel and separately sent waiver-of-service packets to email addresses for both Defendants. *Id.* ¶¶ 5-8. Magic Leap reasonably believes that these materials reached Defendants through this email address because Nreal personnel respond to inquiries through that email address when the topic is not litigation. *Id.* ¶¶ 7-8, 12, & Ex. N. Magic Leap, through counsel, also has transmitted waiver-of-service packets through communications to active social media accounts of Xu and Nreal present in advertising for Nreal and Xu on other websites promoting events at which Xu or Nreal have appeared or will appear. *See id.* ¶¶ 9-11. Magic Leap has also initiated service of process under the Hague Convention but has already experienced delay and does not expect service to be completed in a reasonable amount of time. *Id.* ¶ 13. Magic Leap has been informed by its agents assisting with Hague Convention service that under

present diplomatic conditions, service in the People's Republic of China cannot be expected in under a year, if ever. *Id.*

Two days ago, on September 16, 2019, counsel for Defendants Xu and Nreal contacted counsel for Magic Leap. *Id.* ¶ 14. Counsel for defendants proposed waiving service; counsel for Magic Leap sent waiver-of-service packets to counsel for defendants on September 17, 2019. *Id.* ¶ 15. Defendants did not return signed waivers of service before Magic Leap's deadline to file this CMS. *Id.* The parties continue to discuss means of waiving or effecting service. *Id.*

If Defendants do not return a waiver of the service of summons or agree to some means to accept service by October 1, 2019, Magic Leap intends to file a motion for authorization of electronic service of process under Federal Rule of Civil Procedure 4(f)(3). Magic Leap proposes that a deadline for service should be a reasonable amount of time after October 1 to permit the parties to resolve any service concerns or, in the alternative, to permit Magic Leap time to effect electronic service of process as authorized by this Court.

**2.     Facts**

This controversy involves the confidential and proprietary information of Magic Leap, as defined at Complaint paragraph 11 (ECF No. 1) ("Confidential Information"), in the field of wearable spatial computing glasses and other related technology, which includes augmented, virtual, and hybrid (or mixed) reality technology.  Defendant Chi Xu, as an employee of Magic Leap, signed a PIIA with Magic Leap promising not to improperly use or disclose any of Magic Leap's Confidential Information during or after his employment.

Magic Leap asserts that Xu breached the PIIA by using and disclosing Magic Leap's Confidential Information without authorization in starting Defendant company Nreal as a business and in creating and promoting Nreal and Nreal Light products. Magic Leap additionally claims that Nreal, on its own behalf or through its agents, knew of Xu's PIIA and his obligations but undertook intentional actions to induce Xu to breach the PIIA, or to otherwise disrupt Xu's performance of his obligations. Magic Leap further contends that both Defendants engaged in constructive fraud against Magi Leap.  Finally, Magic Leap claims it is entitled to compensatory damages, punitive damages for Nreal's interference with contract and both Defendants' constructive fraud, injunctive

relief, and other legal and equitable relief.

Magic Leap is aware of Nreal's public statement that Magic Leap's accusations are false, but Magic Leap has not yet discussed with Defendants or their counsel their view of the facts here.

**3. Legal Issues**

The principal legal issues include:

(a) Whether Xu breached the PIIA.

(b) Whether Xu's breach of the PIIA harmed Magic Leap.

(c) Whether Nreal, on its own behalf or through agents, knew of Xu's PIIA with Magic Leap and Xu's obligations to Magic Leap under the PIIA.

(d) Whether Nreal engaged in conduct intended to disrupt Xu's performance under the PIIA.

(e) Whether, as a result of Nreal's conduct, including conduct of its agents, Xu breached the PIIA.

(f) Whether Nreal's conduct, including the conduct of its agents, harmed Magic Leap by Xu's breach of the PIIA.

(g) Whether Nreal's conduct intended to disrupt performance under the PIIA warrants punitive damages under California Civil Code section 3294.

(h) Whether either Defendant or both Defendants engaged in constructive fraud upon Magic Leap, and whether such conduct warrants punitive damages under California Civil Code section 3294.

**4. Motions**

As stated above, if Defendants do not return a waiver of the service of summons or agree to some means to accept service by October 1, 2019, Magic Leap intends to file a motion for authorization of electronic service of process under Federal Rule of Civil Procedure 4(f)(3).

**5. Amendment of Pleadings**

Magic Leap proposes that the deadline to seek leave to add new parties or to file any other pleading amendments should be a date five months before trial.

**6.     Evidence Preservation**

Magic Leap has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  Magic Leap also has sought to inform Defendants about their preservation obligations in multiple communications.  *See* Stracener Decl. ¶¶ 3, 7 & Exs. A, D.

**7.     Disclosures**

Magic Leap intends to exchange initial disclosures with Defendants in compliance with the timing requirements set forth in Fed. R. Civ. P. 26.

**8.     Discovery**

**(a)     Discovery Taken To Date**

Given Magic Leap's inability to obtain a response from Defendants or counsel for Defendants until September 16, 2019, no discovery has been taken to date.

**(b)     Scope of Discovery**

The scope of discovery includes all nonprivileged matters relevant to the claims, counterclaims (if any), and defenses (if any) in this action, including but not limited to the PIIA; Xu's breach of the PIIA; Xu's access to and acquiring Confidential Information of Magic Leap; Xu's distribution of any Confidential Information to third parties; Xu's use of Confidential Information outside of the scope of his work duties at Magic Leap, including in starting Nreal and creating and promoting Nreal and Nreal Light products; Nreal's knowledge of Xu's PIIA and his obligations under the PIIA; Nreal's conduct, including the actions and conduct of its agents, to induce Xu to breach the PIIA or to otherwise disrupt the PIIA; and both legal and equitable remedies.

**(c)     Proposed Limitations on or Modifications of Discovery**

Magic Leap will discuss any limitations on or modifications of the discovery rules with Defendants in accordance with Fed. R. Civ. P. 26 when Magic Leap can engage in such discussions with Defendants.

**(d)     Discovery of ESI**

Magic Leap intends to negotiate an agreement with Defendants governing discovery of electronically stored information.

**(e)     Protective Order**

Magic Leap intends to negotiate a proposed protective order to govern treatment of confidential information in the Action, based on the forms provided by the Court.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

Not applicable.

**11.    Relief**

Magic Leap seeks an order awarding:

(a)    Compensatory damages;

(b)    Disgorgement of any proceeds obtained by wrongful act;

(c)    Constructive trust;

(d)    An accounting;

(e)    Interest to the extent permitted by law;

(f)    An award of exemplary and punitive damages;

(g)    Injunctive relief; and

(h)    Such other and further relied as the Court may deem proper.

**12.    Settlement and ADR**

Magic Leap filed its ADR Certification on September 4, 2019.  ECF No. 12.  As noted there, counsel for Magic Leap could not certify discussion of the selection of an ADR process with counsel for other parties to the case because the other parties had not responded to communications from Magic Leap.  Magic Leap will meet and confer with Defendants about ADR processes when Magic Leap can engage with such discussions with Defendants.

**13.    Consent to Magistrate Judge for All Purposes**

Magic Leap does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  ECF No. 8.

**14.    Other References**

Based on information currently available, Magic Leap does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

Not applicable at this time.

**16.     Expedited Trial Procedure**

Magic Leap submits that this action is not amenable to the Expedited Trial Procedure of General Order No. 64 Attachment A.  Magic Leap will meet and confer with Nreal about the Expedited Trial Procedure when Magic Leap can engage in such discussions with Defendants.

**17.     Scheduling**

Magic Leap submits that the lack of response from Defendants and lack of service on Defendants as of this filing make proposed scheduling premature.  Magic Leap proposes a further Case Management Conference to be scheduled within two weeks of completion of service on the Defendants, and that the parties will propose a schedule in a Joint Case Management Conference Statement to be filed in anticipation of the conference.

**18.     Trial**

Magic Leap estimates trial length at seven court days excluding jury selection.  Magic Leap demands a jury trial.

**19.     Disclosure of Non-party Interested Entities or Persons**

Magic Leap will file its Certification of Interested Parties or Persons Under Civil L.R. 3-15 before appearance at the Case Management Conference.

**20.     Professional Conduct**

All attorneys of record for Magic Leap have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other**

Magic Leap has no suggestions for this topic at this time.

| | |
|---|---|
| Dated: September 18, 2019 | COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>MARK F. LAMBERT (197410)<br>BRANDON V. STRACENER (314032) |
| | */s/ Michael G. Rhodes*<br>Michael G. Rhodes (116127)<br>Attorneys for Plaintiff<br>MAGIC LEAP, INC. |

211226943