UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGIC LEAP, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>CHI XU, et al.,<br><br>   Defendants. | Case No.  19-cv-03445-LHK (SVK)<br><br>**ORDER REGARDING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 42, 43 |

The Court held a telephonic hearing on the presented discovery matters (Dkts. 42, 43) on May 19, 2020. The Court's rulings, as summarized below, were set forth on the record. Should there be any dispute as to the Court's rulings, the record, not the summary, will control.

## I.        PROTECTIVE ORDER

The parties are to meet and confer and submit a revised protective order that allows for the designation of one in-house counsel to have access to Attorney's Eyes Only ("AEO") material. The notification procedure of section 7.5 is to be revised to require that the information set forth in 7.5(b) be set forth in a declaration signed by the designated in-house counsel. As provided in section 7.5(c), a party may object to a designation and, if the parties are unable to resolve the dispute following robust meet and confer efforts, bring the matter to the undersigned for resolution in accordance with this Court's standing order. No dispute regarding access by in-house counsel is to delay responding to discovery. The stipulated and revised protective order is to be submitted to the Court no later than **May 29, 2020.**

## II.       INTERROGATORIES AND REQUESTS FOR ADMISSIONS

1. Revised Interrogatory no. 6, as propounded by Plaintiff following meet and confer efforts, will be exchanged for the initial Interrogatory no. 6 and will be limited to communications initiated by Defendant NREAL.

2. NREAL's objection to each of the interrogatories and Requests for Admission ("RFAs") 15 and 16 because Plaintiff has not yet provided a statement as anticipated by Cal. Civ. Proc. Code § 2019.210 is overruled.  NREAL will respond to the jurisdictional interrogatories and RFAs as discussed on the record — providing "confidential" information as necessary but without providing detailed technical information.

3. NREAL's objection to each of the interrogatories and RFAs 6-19 to the extent the requests seek information after the date the complaint was filed is sustained.  Because NREAL is a foreign entity and the jurisdictional discovery is properly focused on NREAL's contacts with California, NREAL shall provide the requested information as of June 17, 2019.

4. In responding to the interrogatories and RFAs regarding contacts with California, NREAL shall provide enough information to identify who, what (by general description), where, and when.  As noted above, to the extent such information is "confidential," it will be properly safeguarded by the stipulated protective order.  NREAL is not required to provide detailed technical information.  In particular, with regards to Interrogatory no. 2, NREAL may identify the products and software by commercial names.  With regards to Interrogatory no. 5, the Court strikes the term "efforts."

NREAL's responses shall be due no later than **June 9, 2020.**

**SO ORDERED.**

Dated: May 19, 2020

SUSAN VAN KEULEN
United States Magistrate Judge

2