1   COOLEY LLP
    MICHAEL G. RHODES (116127)
2   (rhodesmg@cooley.com)
    101 California Street
3   5th Floor
    San Francisco, CA  94111-5800
4   Telephone:     (415) 693-2000

5   MARK F. LAMBERT (197410)
    (mlambert@cooley.com)
6   TIJANA M. BRIEN (286590)
    (tbrien@cooley.com)
7   JESSIE SIMPSON LAGOY (305257)
    (jsimpsonlagoy@cooley.com)
8   3175 Hanover Street
    Palo Alto, CA 94304
9   Telephone:     (650) 843-5200
    Facsimile:     (650) 849-7400
10
    Attorneys for Plaintiff
11  MAGIC LEAP, INC.

    ORRICK, HERRINGTON & SUTCLIFFE LLP
    JARED BOBROW (133712)
    (jbobrow@orrick.com)
    DIANA M. RUTOWSKI (233878)
    (drutowski@orrick.com)
    DONNA T. LONG (311250)
    (dlong@orrick.com)
    1000 Marsh Road
    Menlo Park, CA 94025-1015
    Telephone: (650) 614-7685
    Facsimile: (650) 614-7400

    GEOFFREY G. MOSS (258827)
    (gmoss@orrick.com)
    777 S. Figueroa St., Suite 3200
    Los Angeles, CA 90017
    Telephone: (213) 629-2020

    Attorneys for Defendants
    CHI XU and HANGZHOU TAIRUO
    TECHNOLOGY CO. LTD., d/b/a NREAL

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16

17  MAGIC LEAP, INC.,                    Case No. 5:19-cv-03445-LHK

18              Plaintiff,               [PROPOSED] STIPULATED
                                         PROTECTIVE ORDER FOR
19        v.                             LITIGATION INVOLVING HIGHLY
                                         SENSITIVE CONFIDENTIAL
20  CHI XU, an individual; HANGZHOU      INFORMATION AND/OR TRADE
    TAIRUO TECHNOLOGY CO., LTD., d/b/a   SECRETS
21  NREAL,

22              Defendants.

23

24

25

26

27

28

Plaintiff Magic Leap, Inc. and Defendants Chi Xu and Hangzhou Tairuo Technology Co., Ltd., d/b/a Nreal (collectively, the "Parties"), by and through their respective counsel, and in accordance with the Court's May 19, 2020 Order Regarding Discovery Disputes (Dkt. No. 45), hereby stipulate and agree to a protective order ("Stipulated Protective Order" or "Order") as follows:

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1.1    Protected Material designated under the terms of this Stipulated Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

1.2    The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff).

2.4 <u>Designated In-House Counsel</u>: Subject to Section 7.5, In-House Counsel who seek access to Protected Material in this matter.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor in the field of spatial computing (which encompasses augmented, virtual and hybrid (or mixed) reality technology , and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor in the field of spatial computing (which encompasses augmented, virtual and hybrid (or mixed) reality technology.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

2.9 <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

2.10    In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13    Party: any party to this action, including all of its officers, directors, employees, retired employees who receive a pension, consultants, retained experts, and outside counsel (and their support staff).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide contract document review or other litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

3.1    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2     The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information (i) known to the Receiving Party prior to the disclosure and not governed by any confidentiality agreement between the Designating Party and Receiving Party or (ii) obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.3     Nothing in this Stipulated Protective Order shall prevent or restrict a Producing Party's own disclosure or use of Protected Material that it designated for any purpose, and nothing in this Order shall preclude any Producing Party from showing Protected Material that it designated to an individual who prepared the Protected Material.

3.4     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

## 4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action against all Parties, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. Mass,

1   indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly

2   unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or

3   impede the case development process or to impose unnecessary expenses and burdens on other

4   Parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention

5   that information or items that it designated for protection do not qualify for protection at all or do

6   not qualify for the level of protection initially asserted, that Designating Party must promptly notify

7   all other Parties that it is withdrawing the mistaken designation.

8       5.2   Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

9   second paragraph of Section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or

10   Discovery Material that qualifies for protection under this Order must be clearly so designated

11   before the material is disclosed or produced.

12       5.3   Manner of Designations. Designation in conformity with this Order requires:

13           (a)   for information in documentary form (e.g., paper or electronic documents,

14   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

15   Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected

17   Material.

18       A Party or Non-Party that makes original documents or materials available for inspection

19   need not designate them for protection until after the inspecting Party has indicated which material

20   it would like copied and produced. During the inspection and before the designation, all of the

21   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

23   copied and produced, the Producing Party must determine which documents, or portions thereof,

24   qualify for protection under this Order. Then, before producing the specified documents, the

25   Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

26   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

27   CODE") to each page that contains Protected Material.

28

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days from receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days from receipt of the final transcript shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days from receipt of the final transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for documents produced electronically in native format, such electronic files and documents shall be designated for protection under this Order by including the confidentiality designation on the placeholder sheet for each file, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert or consultant pre-approved pursuant to Section 7.4, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file; and

(d)     for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 25 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating

Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Designated In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated

Protective Order, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)     any other person with the prior written consent of the Designating Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     One Designated In-House Counsel for each Receiving Party, (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5, below, have been followed.   In-House Counsel shall not have access to information designated "HIGHLY CONFIDENTIAL – SOURCE CODE."

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(d)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     any other person with the prior written consent of the Designating Party.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to In-Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s), and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated or Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Designating Party may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Designated In-House Counsel or Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Designated In-House Counsel or Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated In-House Counsel or Expert.

7.5     Procedures for Approving or Objecting to Disclosure of Protected Materials to Designated In-House Counsel.

(a)     Each Party may identify Designated In-House Counsel, as applicable.

(b)     The ability of Designated In-House Counsel to receive Protected Material will be subject to the advance approval by the Designating Party or by permission of the Court. The Party seeking approval of a proposed Designated In-House Counsel to receive Protected Material must provide the Designating Party with a sworn declaration from the proposed Designated

In-House Counsel setting forth a summary of his or her job responsibilities, and an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), in advance of providing any Protected Material of the Designating Party to Designated In-House Counsel.  The sworn declaration must identify, at minimum, the proposed Designated In-House Counsel's: 1) title; 2) primary job responsibilities; 3) place within the business's organization; 4) responsibilities (if any) with respect to U.S. or foreign patent prosecution; 5) responsibilities (if any) with respect to post-grant proceedings, including claim amendments, in any patent office; and 6) responsibilities (if any) related to competitive decision-making (including decisions about pricing, business strategy, strategic investments or acquisitions, or product design or development).

(c)     The Designating Party may object to the Designated In-House Counsel, and the Parties will resolve any objections to Designated In-House Counsel, in accordance with the procedures described in Section 7.4(b) and (c) above.

7.6     <u>Legal Advice Based on Protected Material</u>. Nothing in this Stipulated Protective Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

**8.     PROSECUTION BAR**

8.1     Absent written consent from the Designating Party, a person who is Outside Counsel of Record and who actually receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the fields of spatial computing; augmented, virtual, and hybrid (or mixed) reality technology; and precision optics (the "Barred Fields") , including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging

1  a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex*

2  *parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access

3  to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

4  – SOURCE CODE" information is first received by the affected individual and shall end one (1)

5  year after final termination of this action.

6         8.2     This Prosecution Bar in Section 8.1 is personal to the person receiving Protected

7  Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

8  "HIGHLY CONFIDENTIAL – SOURCE CODE," as set forth in Section 8.1, and shall not be

9  imputed to any person who did not receive or review such information (including, *e.g.*, other

10  employees or attorneys of the law firm by which the person subject to this Prosecution Bar is

11  employed or otherwise is associated).

12  **9.**     **SOURCE CODE**

13         9.1     To the extent production of source code becomes necessary in this case, a Producing

14  Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it

15  comprises or includes confidential, proprietary, or trade secret source code.

16         9.2     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

17  shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS'

18  EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

20  Sections 7.3 and 7.4.

21         9.3     Any source code produced in discovery shall be made available for inspection, in a

22  format allowing it to be reasonably reviewed and searched, during normal business hours or at other

23  mutually agreeable times, at an office of the Producing Party's Counsel or another mutually agreed

24  upon location. The source code shall be made available for inspection on a secured computer in a

25  secured room without Internet access or network access to other computers, and the Receiving Party

26  shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable

27  media or recordable device. The Producing Party may visually monitor the activities of the

28

Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

9.4     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Section 9.3 in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers, the file location, the file name, and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party shall provide all such source code within 14 days of the request, or within a mutually agreed time. The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

## 10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

– SOURCE CODE," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

11.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

11.3    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

1  **14.    MISCELLANEOUS**

2      14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

3  seek its modification by the Court in the future.

4      14.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated

5  Protective Order, no Party waives any right it otherwise would have to object to disclosing or

6  producing any information or item on any ground not addressed in this Stipulated Protective Order.

7  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

8  material covered by this Stipulated Protective Order.

9      14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable

10  laws and regulations relating to the export of technical data contained in such Protected Material,

11  including the release of such technical data to foreign persons or nationals in the United States or

12  elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

13  data, and the Receiving Party shall take measures necessary to ensure compliance.

14      14.4    Filing Protected Material. Without written permission from the Designating Party

15  or a court order secured after appropriate notice to all interested persons, a Party may not file in the

16  public record in this action any Protected Material. A Party that seeks to file under seal any

17  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

18  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

19  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

20  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled

21  to protection under the law. If a Receiving Party's request to file Protected Material under seal

22  pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the

23  Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

24  instructed by the Court.

25  **15.    FINAL DISPOSITION**

26      Within 60 days after the final disposition of this action, as defined in Section 4, each

27  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

28  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

**16.    RULE 502(D) ORDER**

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. For the purposes of this Order, the term inadvertent shall be defined as "accidental" or "not on purpose."

1  **IT IS SO STIPULATED**, through Counsel of Record.

2

3  Dated:    May 29, 2020                COOLEY LLP
                                         MICHAEL G. RHODES (116127)
4                                        MARK F. LAMBERT (197410)
                                         TIJANA M. BRIEN (286590)
5                                        JESSIE SIMPSON LAGOY (305257)

6

7                                        _____/s/ Mark F. Lambert_____
                                         Mark F. Lambert (197410)
8                                        Attorneys for Plaintiff
                                         MAGIC LEAP, INC.

9

10 Dated:    May 29, 2020                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                         JARED BOBROW (133712)
11                                       DIANA M. RUTOWSKI (233878)

12

13                                       _____/s/ Jared Bobrow_____
                                         Jared Bobrow (133712)
14                                       Attorneys for Defendants
                                         CHI XU and HANGZHOU TAIRUO
15                                       TECHNOLOGY CO. Ltd., d/b/a NREAL

16

17                              **ATTESTATION**

18         I attest that, under Civil Local Rule 5-1(i)(3), I have obtained concurrence in the filing of

19 this document from all Signatories.

20 Dated:    May 29, 2020                COOLEY LLP
                                         MICHAEL G. RHODES (116127)
21                                       MARK F. LAMBERT (197410)
                                         TIJANA M. BRIEN (286590)
22                                       JESSIE SIMPSON LAGOY (305257)

23

24                                       _____/s/ Mark F. Lambert_____
                                         Mark F. Lambert (197410)
25                                       Attorneys for Plaintiff
                                         MAGIC LEAP, INC.
26 226436931

27

28

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3    Dated: _____June 1, 2020_____          _____

4                                             Honorable Susan van Keulen
                                             United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    COOLEY LLP                                ORRICK, HERRINGTON & SUTCLIFFE LLP
     MICHAEL G. RHODES (116127)               JARED BOBROW (133712)
2    (rhodesmg@cooley.com)                    (jbobrow@orrick.com)
     101 California Street                    DIANA M. RUTOWSKI (233878)
3    5th Floor                                (drutowski@orrick.com)
     San Francisco, CA  94111-5800            DONNA T. LONG (311250)
4    Telephone:     (415) 693-2000            (dlong@orrick.com)
                                              1000 Marsh Road
5    MARK F. LAMBERT (197410)                 Menlo Park, CA 94025-1015
     (mlambert@cooley.com)                    Telephone: (650) 614-7685
6    TIJANA M. BRIEN (286590)                 Facsimile: (650) 614-7400
     (tbrien@cooley.com)
7    JESSIE SIMPSON LAGOY (305257)            GEOFFREY G. MOSS (258827)
     (jsimpsonlagoy@cooley.com)               (gmoss@orrick.com)
8    3175 Hanover Street                      777 S. Figueroa St., Suite 3200
     Palo Alto, CA 94304                      Los Angeles, CA 90017
9    Telephone:     (650) 843-5200            Telephone: (213) 629-2020
     Facsimile:     (650) 849-7400
10                                            Attorneys for Defendants
     Attorneys for Plaintiff                  CHI XU and HANGZHOU TAIRUO
11   MAGIC LEAP, INC.                         TECHNOLOGY CO. LTD., d/b/a NREAL

12

13                        UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15                            SAN JOSE DIVISION

16

17   MAGIC LEAP, INC.,                        Case No. 5:19-cv-03445-LHK

18                   Plaintiff,               **EXHIBIT A TO STIPULATED
                                              PROTECTIVE ORDER**
19           v.

20   CHI XU, an individual; HANGZHOU
     TAIRUO TECHNOLOGY CO., LTD., d/b/a
21   NREAL,

22                   Defendants.

23

24

25

26

27

28

MAGIC LEAP, INC.,

v.

CHI XU and HANGZHOU TAIRUO
TECHNOLOGY CO., LTD., d/b/a NREAL.

Case No. 5:19-cv-03445-LHK

**ACKNOWLEDGEMENT AND
AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1.    My address is _____. My present employer

is _____ and the address of my present employment is _____.

My present occupation is _____.

2.    I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understand the provisions of the Stipulated Protective Order.

3.    I will comply with all of the provisions of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material, including the substance and any copy, summary, abstract, excerpt, index, or description of such material, that is disclosed to me.

4.    I will return all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material, upon their request.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____          _____
Date                             Signature

**COOLEY LLP**
ATTORNEYS AT LAW
PALO ALTO

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER (CASE NO. 5:19-CV-03445-LHK)**