COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000

MARK F. LAMBERT (197410)
(mlambert@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
JESSIE SIMPSON LAGOY (305257)
(jsimpsonlagoy@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5200
Facsimile: (650) 849-7400

Attorneys for Plaintiff
MAGIC LEAP, INC.

ORRICK, HERRINGTON & SUTCLIFFE LLP
JARED BOBROW (133712)
(jbobrow@orrick.com)
DIANA M. RUTOWSKI (233878)
(drutowski@orrick.com)
DONNA T. LONG (311250)
(dlong@orrick.com)
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: (650) 614-7685
Facsimile: (650) 614-7400

GEOFFREY G. MOSS (258827)
(gmoss@orrick.com)
777 S. Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020

Attorneys for Defendants
CHI XU and HANGZHOU TAIRUO
TECHNOLOGY CO. LTD., d/b/a NREAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAGIC LEAP, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHI XU, an individual; HANGZHOU TAIRUO TECHNOLOGY CO., LTD., d/b/a NREAL, <br><br> Defendants. | Case No. 5:19-cv-03445-LHK <br><br> [PROPOSED] STIPULATED ORDER ON DISCOVERY OF ELECTRONICALLY STORED INFORMATION |

**1.    PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2.    COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3.    PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties have identified a non-exhaustive list of data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and agree that the circumstances of this case do not warrant the review or production or preservation of the following: voicemail, except for voicemail that is digitized and attached to an email, if any; legacy data, i.e., information stored in an obsolete format; temporary data stored in a computer's random access memory (RAM) or other ephemeral data that are difficult to preserve without disabling the operating system; residual, fragmented, or damaged data; on-line access data such as temporary Internet files, history, cache, cookies, and the like; information stored in unallocated space in file systems on magnetic media; and information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement, and disposition of computer equipment by the party.

**4.    SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The parties expect to confer regarding the identity and number of custodians, and search terms for ESI.

Nothing in this Order prevents the parties from agreeing to use technology-assisted review

and other techniques insofar as their use improves the efficacy of discovery. Such topics may be discussed pursuant to the District's E-Discovery Guidelines.

## 5. PRODUCTION FORMATS

The parties agree to produce for each document:

**(a)** except as otherwise provided, (i) office productivity (e.g., Microsoft Office, Apple iWork, Google Docs/Sheets/Slides, etc.), PDF, and image (e.g., documents with .jpg, .jpeg, .gif., .png, .tif, .tiff, .psd, .eps, and .ai file extensions) documents that contain color content will be produced in single-page color JPEG images, and (ii) all other documents will be produced in single-page 300 DPI Group IV TIFF images;

**(b)** upon reasonable request by any party, emails or other documents produced in black-and-white may be re-produced in single color JPEG images using the same Bates label numbers;

**(c)** with document-level text files containing extracted text or OCR, if extracted text is unavailable, and named according to Bates Begin number;

**(d)** for documents that are not typically intended to be printed or are not readily usable in printed form, such as spreadsheets (.xls, .xlsx, .csv, etc.), audio, or video files, the document should be produced in native format with a single page TIFF placeholder corresponding to the native file indicating "File Provided Natively" and denoting the original file name, Bates label and confidentially endorsement, and a link in the load file to the native file;

**(e)** documents should be provided with Concordance/Relativity-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance/Relativity delimiters. The first line in each Concordance/Relativity compatible .DAT file should be the header containing the agreed-upon field names, and each subsequent line should contain the fielded data for each document. Concordance/Relativity-compatible image and data load files (i.e., .OPT and .DAT files) should be provided in a self-identified "Data" folder. Load files should include the following metadata: Bates Begin; Bates End; Bates BegAttach; Bates EndAttach; NativeLink (where appropriate); Extracted Text Link;

**(f)** load files will also include, where available: Custodian; All Custodians; From; To; CC; BCC; Subject; Date Sent; Time Sent; File Extension; File Name; Author; Date Created; Time

2.

Created; Date Last Modified; Time Last Modified; Message ID; MD5Hash;

**(g)** for documents unable to be imaged, a Bates-numbered placeholder will be provided indicating as such, and parties may request the native file;

**(h)** if any part of a document or its attachments is responsive, the entire document and attachments will be produced, except any attachments that must be withheld or redacted on the basis of attorney/client privilege, work-product privilege, a joint-defense privilege or any other applicable privilege, immunity or protective doctrine. To the extent any such document is withheld on the basis of attorney/client privilege or work-product protection, it should be identified using a single page TIFF placeholder, stating "Withheld as Privileged," which will not relieve any obligation to include the document on a Privilege Log. For documents withheld on the basis of attorney/client privilege or work-product protection, the load file in Section 5(f) should not include the Subject or File Name fields. The parties shall take reasonable steps to ensure that parent-child relationships within a document family (the association between an attachment and its parent document) are preserved. The child document(s) should be consecutively produced immediately after the parent document. Each document shall be produced with the production number for the first and last page of that document in the "BegBates" and "EndBates" fields of the data load file and with the "BegAttach" and "EndAttach" fields listing the production number for the first and last page in the document family;

**(i)** to the extent that a document or ESI contains tracked changes or comments, the document or ESI should be imaged showing tracked changes and comments;

**(j)** reasonable efforts will be used to scan documents at or near their original size, so that the print or image on the document appears straight and not skewed. Reducing image size may be necessary to display production numbers and confidentiality designations without obscuring text;

**(k)** physically oversized originals will appear reduced. A producing party reserves the right to determine whether to produce oversized documents in their original size. A receiving party may request that specific oversized documents be produced in their original size for good cause;

**(l)** if particular documents warrant a different format, the parties will cooperate to

3.

arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process;

**(m)**  a producing party shall globally de-duplicate (i.e., de-duplicate across custodians) by exact duplicate families using MD5 or SHA-1 hash values. The parties will make reasonable efforts to ensure that only exact (bit-by-bit) duplicates are subject to de-duplication. If de-duplicated copies are removed from a production because they are exact duplicates of previously produced documents, a metadata overlay .DAT file updating the Custodian values for the already produced document should be provided at reasonable intervals. Hard-copy documents shall not be eliminated as duplicates of responsive ESI. A producing party shall use a uniform description of a particular custodian across productions;

**(n)**  a producing party may also de-duplicate emails in such a way as to eliminate earlier or incomplete chains of emails, and produce only the most complete iteration of an email chain ("email thread suppression"). If a party opts to use e-mail thread suppression, responsive and non-privileged unique attachments within an e-mail chain must still be produced along with the parent e-mails that contain those corresponding attachments. If a producing party uses such email thread suppression for its productions, it shall notify the receiving party of such use. Any party opting to de-duplicate in a different manner from the foregoing procedure shall disclose their de-duplication methodology to the receiving party before de-duplication. If the receiving party objects to the methodology, it shall timely raise those concerns with the producing party.

**6.   PHASING**

The parties do not anticipate phasing discovery at this point, but agree to revisit this issue if the need arises.

**7.   DOCUMENTS PROTECTED FROM DISCOVERY**

Privileged documents will be withheld on document-by-document basis. If one member of a responsive family is privileged and the other members of the family are not privileged, that privileged document will be withheld or redacted and each non-privileged family member will be produced as long as any member of the family is responsive.  To the extent any such document is withheld on the basis of attorney/client privilege, it should be identified using a single page TIFF

placeholder, stating "Withheld as Privileged," which will not relieve any obligation to include the document on a Privilege Log.

If the producing party redacts information from a page, the producing party shall "burn" a visible text box with descriptive language, indicating the nature of the redaction, onto the document image over the information it intends to redact. If the producing party redacts a document, the metadata fields must nonetheless be produced to the extent the fields are already populated in the ordinary course, with the exception of email subject, which may be withheld from all redacted emails. Additional metadata fields deemed privileged may be redacted only to the extent necessary to protect the privilege.

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

The parties agree to discuss appropriate scope and terms for privilege logs, and whether the use of metadata privilege logs may be appropriate.

**8.    MODIFICATION**

This Stipulated Order may be modified by a stipulated order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

| | | |
|---|---|---|
| Dated: | May 29, 2020 | COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>MARK F. LAMBERT (197410)<br>TIJANA M. BRIEN (286590)<br>JESSIE SIMPSON LAGOY (305257)<br><br>*/s/ Mark F. Lambert*<br>Mark F. Lambert (197410)<br>Attorneys for Plaintiff<br>MAGIC LEAP, INC. |
| Dated: | May 29, 2020 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>JARED BOBROW (133712)<br>DIANA M. RUTOWSKI (233878)<br>GEOFFREY G. MOSS (258827)<br>DONNA T. LONG (311250)<br><br>*/s/ Jared Bobrow*<br>Jared Bobrow (133712)<br>Attorneys for Defendants<br>CHI XU and HANGZHOU TAIRUO<br>TECHNOLOGY CO. Ltd., d/b/a NREAL |

## **ATTESTATION**

I attest that, under Civil Local Rule 5-1(i)(3), I have obtained concurrence in the filing of this document from all Signatories.

| | | |
|---|---|---|
| Dated: | May 29, 2020 | COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>MARK F. LAMBERT (197410)<br>TIJANA M. BRIEN (286590)<br>JESSIE SIMPSON LAGOY (305257)<br><br>*/s/ Mark F. Lambert*<br>Mark F. Lambert (197410)<br>Attorneys for Plaintiff<br>MAGIC LEAP, INC. |

218422507

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June 1, 2020

_____
Honorable Susan van Keulen
United States Magistrate Judge