| | |
|---|---|
| COOLEY LLP<br>MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com)<br>101 California Street<br>5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br><br>MARK F. LAMBERT (197410)<br>(mlambert@cooley.com)<br>TIJANA M. BRIEN (286590)<br>(tbrien@cooley.com)<br>JESSIE SIMPSON LAGOY (305257)<br>(jsimpsonlagoy@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA 94304<br>Telephone: (650) 843-5200<br>Facsimile: (650) 849-7400<br><br>Attorneys for Plaintiff<br>MAGIC LEAP, INC. | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>JARED BOBROW (133712)<br>(jbobrow@orrick.com)<br>DIANA M. RUTOWSKI (233878)<br>(drutowski@orrick.com)<br>DONNA T. LONG (311250)<br>(dlong@orrick.com)<br>1000 Marsh Road<br>Menlo Park, CA 94025-1015<br>Telephone: (650) 614-7685<br>Facsimile: (650) 614-7400<br><br>GEOFFREY G. MOSS (258827)<br>(gmoss@orrick.com)<br>777 S. Figueroa St., Suite 3200<br>Los Angeles, CA 90017<br>Telephone: (213) 629-2020<br><br>Attorneys for Defendants<br>CHI XU and HANGZHOU TAIRUO<br>TECHNOLOGY CO. LTD., d/b/a NREAL |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAGIC LEAP, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CHI XU, an individual; HANGZHOU TAIRUO TECHNOLOGY CO., LTD., d/b/a NREAL,<br><br>    Defendants. | Case No. 5:19-cv-03445-LHK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 17, 2020<br>Time: 02:00 p.m.<br>Place: San Jose Courthouse,<br>    Courtroom 8 – 4th Floor<br>Judge: Honorable Lucy H. Koh |

Plaintiff Magic Leap, Inc. ("Magic Leap" or "Plaintiff") and Defendants Chi Xu ("Xu") and Hangzhou Tairuo Technology Co., Ltd., d/b/a Nreal[1] ("Nreal") (collectively, "Defendants"; together with Plaintiffs, the "Parties") submit this Joint Case Management Statement pursuant to Civil Local Rule 16-10 and the Court's January 13, 2020 Case Management Order, continuing the case management conference from January 15, 2020 to June 17, 2020 (Dkt. No. 36).

---

[1] Defendant Hangzhou Tairuo Technology Co., Ltd. has been officially succeeded by a different entity, Shenzhen Tairuo Technology Co., Ltd.

1. **Procedural Update**

Since the Parties filed their Rule 26(f) Report on January 8, 2020 (Dkt. No. 33), they have completed the briefing on Defendants' Motion to Dismiss, filed December 16, 2019 (Dkt. No. 22). Magic Leap filed its opposition on January 30, 2020 (Dkt. No. 37), and Defendants filed their reply on February 27, 2020 (Dkt. No. 39). The hearing on the Motion to Dismiss was originally set for April 30, 2020, but on March 20, 2020, the Court vacated the hearing and took the Motion to Dismiss under submission. (Dkt. No. 41.)

The Parties have also exchanged initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rules"), and Magic Leap has subsequently supplemented its initial disclosures following meet and confer between the Parties regarding the applicability of California Code of Civil Procedure ("CCP") § 2019.210 to this action. It is Magic Leap's position that its amended initial disclosures identify the precise confidential project code names and corresponding document file names of the "Confidential Designs" referenced in the Complaint and that this disclosure would satisfy the "reasonable particularity" standard of § 2019.210. Magic Leap additionally agreed to produce the underlying files referenced in its disclosures within a reasonable time upon the Court's entry of a Protective Order. It is Defendants' position that Magic Leap has not provided a § 2019.210 disclosure, which is subject to statutory requirements as well as interpretation under an established body of case law. Moreover, even if they were provided as a § 2019.210 disclosure, Defendants contend that Magic Leap's amended initial disclosures are deficient for a number of reasons, including, but not limited to: 1) many of the 13 "confidential project code names" are common terms and provide no indication of what Magic Leap contends is confidential or trade secret, 2) Magic Leap has not produced the files in connection with the "corresponding document file names," and 3) Magic Leap has not identified what in any such files is confidential or trade secret.

2. **Discovery Update**

   (a) **Dispute Regarding Jurisdictional Discovery**

On December 30, 2019, the Court ordered that "discovery, jurisdictional or otherwise, will not be stayed in the instant case." (Dkt. No. 24.) On January 15, 2020, Magic Leap served jurisdictional discovery on Nreal, seeking information about its contacts with, and promotional efforts aimed at,

persons and entities in California and elsewhere in the United States. Nreal provided its responses and objections on March 10, 2020 (following two extensions in light of the coronavirus pandemic, which was centered in China at the time). The Parties subsequently met and conferred in writing and telephonically regarding Nreal's objections and were able to narrow all but three of their disputed issues. On May 1, 2020, Magic Leap moved to compel, by way of a joint discovery statement, regarding (1) the applicability of CCP § 2019.210 to this action, and the validity of Nreal's objections to the jurisdictional discovery on that basis; (2) the relevance of information regarding Nreal's contacts with the forum subsequent to the filing of the Complaint, and (3) the breadth of one interrogatory, including whether the narrowed scope agreed to by Plaintiff should count as a new interrogatory against Plaintiff. (Dkt. No. 43.)

### (b) Dispute Regarding Protective Order

On January 23, 2020, Magic Leap sent Defendants a draft Protective Order. The Parties engaged in a telephonic meet and confer on February 18, 2020 regarding the terms of the Protective Order. Defendants provided Plaintiffs their edits to the Protective Order on March 27, 2020. The Parties subsequently met and conferred again regarding the terms of the Protective Order, and were able to reach agreement on all but one issue: whether Designated In-House Counsel of the Parties should have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO Information") under the Protective Order. Accordingly, on April 29, 2020 the Parties filed a Joint Statement Regarding the Parties' Request for Entry of a Protective Order, presenting separate positions and proposed orders on the disputed in-house counsel issue. (Dkt. No. 42.)

On May 8, 2020, Magistrate Judge van Keulen noticed a hearing for May 19, 2020, to address the Parties' discovery disputes to date. (Dkt. No. 44.)

### (c) May 19, 2020 Discovery Hearing

On May 19, 2020, the Court held a telephonic hearing on the Parties' discovery disputes described above. With regard to the Protective Order, the Court ordered the Parties to meet and confer and submit a revised Protective Order that allows for the designation of one in-house counsel to have access to AEO Information, provided that the in-house counsel execute a declaration and comply with

certain requirements and procedures outlined in the revised Protective Order, subject to objection by the other side. (Dkt. No. 45.)

With regard to the jurisdictional discovery, the Court held as follows. <u>First</u>, with respect to Nreal's objections based on CCP § 2019.210, the Court ordered Nreal to respond to the relevant jurisdictional discovery requests by "providing 'confidential' information as necessary but without providing detailed technical information." (*Id.*) <u>Second</u>, the Court sustained Nreal's objections to the extent the discovery requests seek information after the date the complaint was filed. The Court ordered Nreal to provide the information requested by Magic Leap as of June 17, 2019. (*Id.*) <u>Third</u>, the Court revised the scope of the disputed interrogatory and allowed Magic Leap to substitute it in place of the original. (*Id.*)

On May 29, 2020, pursuant to the Court's Order Regarding Discovery Disputes (*id.*), the Parties filed a [Proposed] Stipulated Protective Order (Dkt. No. 51), as well as a [Proposed] Stipulated Order in Discovery of Electronically Stored Information (Dkt. No. 52). Both Orders were entered on June 1, 2020. (*See* Dkt. Nos. 53, 54.)

### (d) Other Discovery

On April 3, 2020, Magic Leap served its first set of document requests on Defendants, its first set of Interrogatories on Defendant Xu, and its second set of Interrogatories on Defendant Nreal. Defendants provided their responses and objections on May 18, 2020. Magic Leap intends to meet and confer regarding Defendants' objections, which include objections based on Defendants' contention that Magic Leap has not provided a disclosure pursuant to CCP § 2019.210. In light of this, the Parties anticipate the need to bring the CCP § 2019.210 issue before the Court.

### 3. Settlement and ADR

On May 21, 2020, pursuant to the Court's Case Management Order (Dkt. No. 36), the Parties engaged in a private mediation before the Honorable Elizabeth D. Laporte. The Parties were unable to settle the case.

### 4. Scheduling

At this time, the Parties have no proposed changes to the schedule set by the Court in its Case Management Order (Dkt. No. 36). The Parties are open, however, to any modifications the Court may

| | |
|---|---|
| 1 | deem necessary in light of the coronavirus pandemic and resulting court closures. |
| 2 | |

Dated: June 10, 2020

COOLEY LLP
MICHAEL G. RHODES (116127)
MARK F. LAMBERT (197410)
TIJANA M. BRIEN (286590)
JESSIE SIMPSON LAGOY (305257)


           /s/   Mark F. Lambert
-----------------------------------
Mark F. Lambert (197410)
Attorneys for Plaintiff
MAGIC LEAP, INC.

Dated: June 10, 2020

ORRICK, HERRINGTON & SUTCLIFFE LLP
JARED BOBROW (133712)
DIANA M. RUTOWSKI (233878)
DONNA T. LONG (311250)


           /s/  Jared Bobrow
-----------------------------------
Jared Bobrow (133712)
Attorneys for Defendants
CHI XU and HANGZHOU TAIRUO
TECHNOLOGY CO. Ltd., d/b/a NREAL

## **ATTESTATION**

I attest that, under Civil Local Rule 5-1(i)(3), I have obtained concurrence in the filing of this document from all Signatories.

Dated: June 10, 2020

COOLEY LLP
MICHAEL G. RHODES (116127)
MARK F. LAMBERT (197410)
TIJANA M. BRIEN (286590)
BRANDON V. STRACENER (314032)


           /s/ Mark F. Lambert
-----------------------------------
Mark F. Lambert (197410)
Attorneys for Plaintiff
MAGIC LEAP, INC.

226963308